IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

MICHAEL P. LUMBERT,

                Defendant.

ORDER

11-cr-66-bbc-1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Michael P. Lumbert has written to request clarification of the date on which his federal sentence commenced. Defendant asserts that he, along with his attorney, Pablo Carranza, was under the assumption that his federal sentence was to begin on January 13, 2011, not on the date it was imposed, which was December 6, 2011. Because defendant received credit toward his state court sentence for the period January 13, 2011 to December 6, 2011, he is not entitled to credit on his federal sentence for that time period. His sentence began to run on December 6, 2011, for the reasons set forth below.

BACKGROUND

      At the time of his federal indictment, defendant was in state custody pending revocation of his extended supervision in case no. 06CF745 in the Circuit Court for Marathon County, Wisconsin. Defendant's extended supervision was revoked in that case

1

on March 11, 2011. Under a writ of habeas corpus ad prosequendum issued on June 17, 2011, defendant was brought before this court to respond to a federal indictment. He was arraigned on the federal charges on July 14, 2011, entered a plea of guilty to count three of the federal indictment on October 5, 2011 and was sentenced on December 6, 2011.

OPINION

Defendant was serving a state sentence at the time of his initial appearance in his federal case. This means that he was only "borrowed" from state custody for prosecution in federal court by writ of habeas corpus ad prosequendum. He remained an inmate of the State of Wisconsin.

A federal sentence may not begin until it has been imposed, and ordinarily begins on the date a defendant is "received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In defendant's case, however, his federal sentence began to run on the date it was imposed because it was ordered to run concurrently with the state sentence he was serving in case no. 06CF745.

According to Wisconsin Department of Correction records, defendant received credit toward the service of his state revocation sentence in case no. 06CF745 back to the date of his state arrest on January 13, 2011. Because the time leading up to his federal sentence was credited toward the service of his state sentence, that time cannot be credited toward defendant's federal sentence. 18 U.S.C. § 3585(b).

ORDER

Defendant Michael Lumbert's federal sentence began to run on December 6, 2011. He is not entitled to credit for time served from January 13, 2011 until December 6, 2011, because that time was credited toward service of his state sentence.

Entered this 7th day of June, 2016.

BY THE COURT:

/s/

Barbara B. Crabb
District Judge